**KENTUCKY BAR ASSOCIATION, Movant**

v.

**Thomas E. ROBERTS, Respondent.**

**No. 2013–SC–000615–KB.**

Supreme Court of Kentucky.

Oct. 24, 2013.

As Modified Nov. 15, 2013.

***OPINION AND ORDER***

The Respondent, Thomas Edwin Roberts, KBA Member Number 87728, whose

bar roster address is 329 Etna Street, Russell, Kentucky 41169, and who was admitted to the Kentucky Bar on May 3, 1999, is alleged to have committed multiple violations of the Rules of Professional Conduct. The Kentucky Bar Association's Board of Governors has recommended that Roberts be suspended for 30 days, with the suspension conditionally discharged if he meets certain conditions. This Court adopts the recommendation.

Roberts was retained by Linda Woods to finalize the estate of her deceased husband. Woods paid $500, half the agreed retainer, and Roberts reviewed "extensive records" at their initial meeting. Thereafter, Roberts failed to take any action on Woods's behalf, which resulted in her removal as the personal representative of her deceased husband's estate. Roberts failed to appear in court on multiple occasions and failed to notify Woods that he had not appeared. He also failed to file an entry of appearance or any pleadings on Woods's behalf. In phone conversations, Roberts told Woods that he was taking care of the matter, which was an active misstatement. Eventually, Woods went to Roberts's office only to find it closed with utility shut-off notices on the windows.

Bar Counsel has obtained information from a relative of Roberts that he suffers emotional, mental, and substance-abuse problems, and that those problems were active at the time of the conduct in question in this case. Bar Counsel does not allege that Roberts did not earn the $500 retainer by reviewing the documentation at the initial meeting with the client, and thus there is no request for or condition that he repay that money.

 A bar complaint was filed, and Roberts's counsel filed a response to it. The Inquiry Commission then issued a four-count charge alleging that Roberts violated:

(1) SCR 3.130–1.3 by failing to act with reasonable diligence in the probate matter, specifically by failing to enter an appearance, to attend hearings, to prepare filings, or to file a final settlement;

(2) SCR 3.130–1.4(a)(3) by failing to keep the client reasonably informed of the matter, specifically by concealing the fact that he had not entered an appearance in the probate matter and by not advising her that he would not appear on her behalf or that he had failed to file a settlement statement;

(3) SCR 3.130–1.16(d) by failing to protect the client's interests on the termination of the representation, specifically by failing to inform her that he had closed his law practice and by not giving her any notice or time to employ new counsel; and

(4) SCR 3.130–8.4(c) by lying to the client and claiming he was taking care of the probate matter when he was not doing so.

Roberts filed no answer to the charge, nor has he or his counsel contacted the Office of Bar Counsel since the issuance of the charge.

The case, therefore, proceeded to the Board of Governors as a default case under SCR 3.210. The Board voted 18–0 to find Roberts guilty of the first three counts, and 17–1 to find him guilty of the fourth count. After so finding, they reviewed his prior discipline, which consisted of an administrative suspension (still active) as of January 2013 for failure to pay bar dues.

The Board then voted 18–0 for a 30–day suspension, conditionally discharged on the conditions that Roberts complete a KY-LAP referral and assessment, and com-

plete the Office of Bar Counsel's Ethics Professionalism Enhancement Program.

Neither Roberts nor Bar Counsel has filed a notice for this Court to review the Board's recommendation as allowed under SCR 3.370(8). Because the Board's findings and conclusions are supported by the record and the law, and because the sanction recommended by the Board is appropriate in light of Respondent's disciplinary history and the seriousness of the charges, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). The decision of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Thomas E. Roberts, is found guilty of having committed multiple violations of the Rules of Professional Conduct as described above.

(2) Roberts is suspended from the practice of law for 30 days. That sanction, however, is temporarily stayed and will be conditionally discharged if Roberts meets the following two conditions:

 a. He completes a KYLAP referral and assessment within 30 days of the issuance of this order, and complies with any recommendation by KYLAP; and

 b. He completes the Office of Bar Counsel's Ethics Professionalism Enhancement Program (EPEP) within the next year, for which he shall not apply for any CLE or other ethics credit, and he provides a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, such release to continue in effect for one year after he completes the EPEP to allow Bar Counsel to verify that

he has not reported any of the EPEP hours to the CLE Commission.

(3) In accordance with SCR 3.450, Roberts is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $290.54, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. MINTON, C.J.; ABRAMSON, KELLER, NOBLE, SCOTT and VENTERS, JJ., concur. CUNNINGHAM, J., concurs in part and dissents in part to the extent that he would also require reimbursement of the $500.00 retainer.

ENTERED: October 24, 2013.

/s/ <u>John D. Minton, Jr.</u>
 Chief Justice